IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:08CV195 |
| vs. | ) | |
| | ) | REPORT AND |
| VERISIGN, INC., | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |
| PRISM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:08CV196 |
| vs. | ) | |
| | ) | REPORT AND |
| PAYPAL, INC., | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter is before the court pursuant to 28 U.S.C. § 636 and the referral of Judge Smith Camp on the Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) filed by defendant, Verisign, Inc. ("VeriSign") in Case No. 8:08CV195 (Doc. 29), and the Motion to Dismiss, Stay or Transfer pursuant to 28 U.S.C. § 1404(a) filed by PayPal, Inc. ("PayPal") in Case No. 8:08CV196 (Doc. 39). The motions have been fully briefed. After careful consideration, I recommend that the cases be deemed related pursuant to NEGenR 1.4 and transferred to the Northern District of California.

**I. BACKGROUND**

Prism Technologies, LLC ("Prism") is a limited liability company organized under the laws of the State of Nebraska. Its principal place of business is located in Omaha, Nebraska.

According to its Vice President of Business Development and Licensing, Prism's business activities include "consulting in and developing Internet security related technologies."

VeriSign is a corporation organized under the laws of the State of Delaware. Its headquarters is located in Mountain View, California. VeriSign's products are available to customers in the State of Nebraska.

PayPal is a corporation organized under the laws of the State of Delaware. Its principal place of business is located in San Jose, California. PayPal does business in Nebraska and has an office in La Vista, Nebraska.

### B. Prism's Complaints

In Case No. 8:08CV195 (the "VeriSign action") Prism alleges that it is the owner by assignment of United States Patent No. 5,745,574, "Security Infrastructure for Electronic Transactions" (the "'574 Patent"), and that VeriSign has infringed the '574 Patent through its manufacture, sale or use of security certificates which infringe at least claims 1 and 18 of the '574 Patent. The '574 Patent was issued on December 15, 1995. The inventor was Sead Muftic of Hasselby, Sweden.

In Case No. 8:08CV196 (the "PayPal action"), Prism alleges that it is the owner by assignment of United States Patent No. 5,850,442, "Secure World Wide Electronic Commerce Over an Open Network" (the "'442 Patent"), and that PayPal has infringed the '442 Patent through its manufacture, sale or use of security certificates which infringe at least claim 38 of the '442 Patent. The '442 Patent was issued on March 26, 1996. The inventor was Sead Muftic of Hasselby, Sweden.

### B.  VeriSign's Answer and Counterclaims (8:08CV195)

VeriSign filed an answer (8:08CV195, Doc. 28) denying Prism's allegations of infringement and raising 12 affirmative defenses. In support of its counterclaims, VeriSign notes that Prism filed the action against PayPal for infringement of at least claim 38 of the '442 Patent. Prism's allegation regarding "security certificates" refers to Secure Socket Layer ("SSL") certificates, which are also known as "digital certificates." VeriSign alleges that it provides core services to allow the Internet to function smoothly and reliably. The security solutions offered by VeriSign include, among other things, digital certificates. VeriSign is the leading SSL Certificate Authority, enabling secure e-commerce and communications for Web sites, intranets, and extranets. PayPal does not manufacture or sell digital certificates for customer operations.

VeriSign states that it is the exclusive provider of the digital certificates used by its customer, PayPal, in public commerce. VeriSign also provides digital certificates to many other customers. Prism's allegation that PayPal's use of security certificates infringes the '442 patent creates an actual controversy between VeriSign and Prism concerning whether VeriSign and/or its customers infringe any valid claim of the '442 patent based on, at least, the use of VeriSign digital certificates.

Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1, *et seq.*, VeriSign requests a judicial declaration that (1) it does not infringe any valid, enforceable claim of the '574 patent; (2) the '574 patent is invalid; (3) neither VeriSign, nor any of its customers, infringe any valid, enforceable claim of the '442 patent; (4) the '442 patent is invalid; and (5) the '442 patent is unenforceable.

VeriSign alleges in its Counterclaim V that the '442 patent is unenforceable by virtue of inequitable conduct, based largely on the applicant's failure to disclose prior art references

to the examiner. The prior art references include U.S. Patent No. 5,509,071 issued to Petrie, Jr., *et al.*, U.S. Patent No. 5,497,421 issued to Kaufman, *et al.*, and prior art publications by the named inventor, Sead Muftic, including but not limited to "Security architecture for distributed systems," Computer Communications, Vol. 17, No. 7 (July 7, 1994).

### C. PayPal's Answer and Counterclaims (8:08CV196)

In its Answer (Doc. 38), PayPal denies Prism's allegations of infringement and raised 14 affirmative defenses. PayPal's Twelfth Defense alleges that the '442 Patent is unenforceable as the result of the applicant's failure to disclose prior art references to the examiner. The prior art references include U.S. Patent No. 5,509,071 issued to Petrie, Jr., et al., U.S. Patent No. 5,497,421 issued to Kaufman, et al., and prior art publications by the named inventor, Sead Muftic, including but not limited to "Security architecture for distributed systems," Computer Communications, Vol. 17, No. 7 (July 7, 1994).[1]

Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1, *et seq.*, PayPal requests a judicial declaration that (1) it does not infringe any valid, enforceable claim of the '442 patent; (2) the '442 patent is invalid; and (3) the '442 patent is unenforceable. PayPal's Counterclaim III is based on the same allegations as its Twelfth affirmative defense, i.e., that the patent applicant failed to disclose material prior art references.

## II. DISCUSSION

Prism and PayPal ask that venue be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and

---

[1]These allegations are the same as the allegations made by VeriSign in support of its Counterclaim V.

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The motion is governed by the law of the Eighth Circuit.  *See, e.g., Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000) (citing *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340 (Fed. Cir.), cert. denied, 530 U.S. 1238 (2000)).

    **A.  Where the actions "might have been brought"**

Prism's claims arise under the United States Patent Act, and this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338.

VeriSign's worldwide headquarters and principal place of business is located in Mountain View, California.  VeriSign employs approximately 2,700 people in the United States, 754 of whom are located in the Mountain View, California offices.  VeriSign owns no property in Nebraska and has no personnel employed in offices in the State of Nebraska. (Doc. 30-3 in 8:08CV195).

The headquarters of PayPal is located in San Jose, California.  PayPal purchases all of its digital certificates from VeriSign.  PayPal's operations relating to public digital certificate use are located at PayPal facilities in Northern California, Colorado, and Arizona, and any of its employees who have knowledge of PayPal's use of digital certificates are located in Northern California, Colorado, and Arizona.  (Doc. 40-3 in 8:08CV196).

VeriSign and PayPal have both demonstrated that they "reside" in the Northern District of California, and venue would be proper in the Northern District of California under 28 U.S.C. § 1400(b), which provides:  "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

The court finds that these actions could have been brought in the Northern District of California.

### B. Convenience of Parties & Witnesses

In general, the party seeking transfer bears the burden of establishing that the transfer should be granted. *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir.), *cert. denied*, 522 U.S. 1029 (1997); *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990). The movant must make a clear showing that the balance of interest weighs in favor of the movant. *See General Comm. of Adjustment v. Burlington N. R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995); *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Nelson*, 747 F. Supp. at 535 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm. of Adjustment*, 895 F. Supp. at 252; *see generally Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990). In order to prevail, the party seeking the change of venue must show that its inconvenience strongly outweighs the inconvenience the opposing party would suffer if venue were transferred. *See Nelson*, 747 F. Supp. at 535.

In determining whether or not to transfer venue, the court must consider the three general categories of factors stated in § 1404(a); however, the court's evaluation of a transfer motion is not limited to the enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors. *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d at 875 (citing *Terra Int'l*, 119 F.3d at 691).

> Factors which courts have considered in deciding a motion to transfer under § 1404(a) include, under the "convenience" prongs, (1) the convenience of the parties, (2) the convenience of the witnesses–including the willingness of

-6-

> witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each state's forum law.  Factors considered under the "interest of justice" prong include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.   *See Terra Int'l*, 119 F.3d at 696.

*Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d  at 875 n.4.

VeriSign and PayPal urge the court to use a "center of gravity" analysis in determining the proper forum for these cases.  This analysis is commonly used in other jurisdictions, but has not been adopted, rejected, or even discussed by the Eighth Circuit.  Thus, there is no binding precedent either requiring or forbidding this court to use the "center of gravity" test.

In *Samsung SDI Co., Ltd. v. Matsushita Elec. Indus. Co.*, 524 F. Supp. 2d 628, 632 (W.D. Pa. 2006), the court considered a "center of gravity" approach in determining whether the plaintiff's claim arose somewhere other than the plaintiff's chosen forum:

> "In patent infringement cases, the 'preferred forum is that which is the center of gravity of the accused activity.'"  *Saint-Gobain Calmar Inc. v. National Products Corp.*, 230 F. Supp. 2d 655, 660 (E.D. Pa. 2002), *citing, Renzetti Inc. v. D.H. Thompson, Inc.*, 1997 WL 230806 (E.D. Pa. 1997).  "The 'center of gravity' for such a claim is in the district court where the alleged infringement occurred.  In finding that 'center of gravity,' a district court 'ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production.'" *Saint-Gobain*, 230 F. Supp. 2d at 660*, citing, Renzetti*, 1997 WL 230806 at *9 and *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F. Supp. 1185, 1188 (N.D. Ill. 1983).  "Appropriate considerations include the location of a products development, testing, research and production [and] the place where marketing and sales decisions were made, rather than where limited sales activity has occurred.'"  *id, quoting Ricoh Co., Ltd. v. Honeywell Inc.*, 817 F. Supp. 473, 482 n.17 (D.N.J. 1993).

Prism previously sued VeriSign in the District of New Jersey and observes that VeriSign did not ask that the New Jersey case be transferred to the Northern District of California. While that may be true, it does not negate the possibility that in this particular matter it would be more convenient for VeriSign to litigate in California. "Each case must be judged on its own practicalities. A corporation does not forfeit its right to claim greater convenience in another forum because it is large or because it has litigated here in the past." *Gemini IP Tech., LLC v. Hewlett-Packard Co.*, 2007 WL 2050983 at *2, Case No. 07-C-205-S, (W.D. Wis., July 16, 2007).

The characteristics and development of the security certificates marketed and sold by VeriSign will be the focus of this litigation. The allegedly infringing products were all developed by VeriSign in the Northern District of California. VeriSign owns no property in Nebraska and has no personnel employed in offices in the State of Nebraska.

While PayPal does business in Nebraska, its operations relating to the use of public digital certificate use are located in Northern California, Colorado, and Arizona.

Prism's business activities are conducted in Nebraska, but it is an assignee of the patents in suit and had no role in developing any of the inventions. VeriSign has provided evidence that Prism has published the following "mission statement" on the internet:

> Prism Technologies LLC is dedicated to the management, licensing and acquisition of technology fundamental to Internet security and e-commerce. Our areas of expertise include:
>
> ■ Internet Security
>
> ■ Digital Rights Management
>
> ■ Secure E-Commerce
>
> Prism's mission is to maximize the economic value of Internet security technology and patents. We have developed proprietary processes for the efficient and cost-effective analysis of patent strength, scope and economic

>potential. This analysis results in the formulation of a management and licensing strategy. We are assisted in the successful execution of this strategy by a leading law firm and licensing partner.

(Doc. 38-3 in 8:08CV195).

The inventor, Sead Muftic, reportedly resides in the State of Maryland. (Doc. 35-3 ¶ 11 in 8:08CV195). He has no connection to Nebraska. The initial assignee of the patents in suit is identified on the first page of each patent as "Entegrity Solutions Corporation, San Jose, Calif." The court is advised that Entegrity Solutions Corporation now has its corporate headquarters in the State of New Hampshire. (Doc. 35-3 ¶ 12 in 8:08CV195). Apparently, the attorneys who prosecuted the patents in suit on behalf of Dr. Muftic and Entegrity Solutions Corp. reside in Florida and/or Washington, D.C. and have no connection to Nebraska. As the court noted in *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d at 876, the patent prosecution records could be easily transported or could be obtained from the U.S. Patent Office.

On the record presented, it does not appear that the Nebraska forum is particularly convenient for any of the parties. The inventions and activities that are the subjects of these lawsuits have no relationship to the State of Nebraska. None of the witnesses who will give substantive testimony reside in Nebraska. The allegedly infringing products were all developed by VeriSign in the Northern District of California, and the employees of VeriSign who are likely to be called as witnesses are located in the Northern District of California. Many of PayPal's relevant witnesses are also located in the Northern District of California.

Considering all the factors discussed by the parties, the court concludes that it would be more convenient for the parties and the witnesses, and it would be in the interests of justice, to try these cases in the Northern District of California rather than in the District of Nebraska. The court further finds that VeriSign and PayPal have shown that their

inconvenience in defending these cases in Nebraska strongly outweighs the inconvenience that Prism would suffer if venue were transferred to the Northern District of California.

**IT THEREFORE IS RECOMMENDED:**

1. That Cases Nos. 8:08CV195 and 8:08CV196 be deemed related cases pursuant to NEGenR 1.4; and

2. That VeriSign's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Doc. 29 in Case No. 8:08CV195), and PayPal's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) (Doc. 39 in Case No. 8:08CV196) be granted, and

3. That Cases Nos. 8:08CV195 and 8:08CV196 be transferred to the Northern District of California for all further proceedings pursuant to 28 U.S.C. § 1404(a).

**DATED November 7, 2008.**

                                                **BY THE COURT:**

                                                s/ F.A. Gossett
                                                **United States Magistrate Judge**